(114 App. Div. 787)

COUSINS et al. v. BOYER.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. PARENT AND CHILD—SALE TO CHILD—LIABILITY OF PARENT.
    A complaint against a father for shoes, slippers, and other footwear, sold his infant daughter, not alleging that they were necessaries, or that the daughter stood in need of the articles at the time of their purchase and delivery, is not sufficient to authorize a recovery on the theory that they constituted necessaries.

2. SAME—EVIDENCE.
    In an action against a father for the price of goods furnished to an infant daughter, evidence *held* insufficient to show that the daughter had any authority to pledge the father's credit for the goods.

Appeal from Municipal Court of New York.

Action by Joseph B. Cousins and another against Frank Woodruff Boyer. From a judgment in favor of plaintiffs, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

J. Stewart Ross, for appellant.

Beyer & Weldon, for respondents.

WOODWARD, J. The complaint alleges that the plaintiffs, be- ;tween the 13th day of October, 1904, and the 12th day of December of the same year, supplied, furnished, and delivered to one Adele Boyer, an infant daughter of the defendant, certain goods, wares, and merchandise, consisting of shoes, slippers, and other footwear of the reasonable and agreed value of $60.60, for which the defendant had promised to pay. There is no allegation that these shoes, slippers, etc., were necessaries, or that the said Adele Boyer stood in need of such articles at the time of their purchase and delivery, but it is alleged that she bought these goods with full authority to pledge the credit of the defendant for the same; this allegation being made on information and belief, and that the goods were in fact sold and delivered on the credit of the defendant.

We are fully persuaded that under the complaint the plaintiffs could not recover for these goods upon the theory that they constituted nec- essaries (Manning v. Wells, 85 Hun, 27, 32 N. Y. Supp. 601), and the defendant denies any authority on the part of the said Adele Boyer tc pledge his credit for the articles purchased, and the evidence, it seems to us, is insufficient to establish such authority. The plaintiffs admit knowing at the time these purchases, or some of them, were made that there was a matrimonial difficulty in the defendant's family, and that a notice had been published warning people against trusting the wife on the husband's account, and the pretended authorization of the credit to the daughter is based upon a conversation by telephone with the defendant's office. The defendant's son testifies that the conversation was held with him; that he stated the situation, and told the plaintiffs that they would have to take their chances. The plaintiffs contend that they were told that they were talking with the defendant, and that he auhorized the credit; but this is denied by the defendant, who says he had no conversation with the plaintiffs, and the facts and circumstances detailed in the evidence are such as to convince us that the weight of evidence is against the plaintiffs' contention, and that the judgment proceeds rather upon the theory that the plaintiffs ought to have pay for the goods sold to the daughter than upon a determination of the ques- tion of whether the credit was authorized. The plaintiffs appear to have proceeded in a measure upon the fact that goods which had been previously delivered to the daughter had been paid for, but it was shown by the defendant that the other purchases were paid by a check signed by the mother, which obviously did not indicate any authority to charge the father for the goods in suit. If they relied upon this authority, the reason assigned for the telephone conversation is hardly satisfactory,

and upon the question of the telephone authority it seems clear from a reading of the evidence that the plaintiffs have failed to establish the authority necessary to charge the defendant.

The judgment appealed from should be reversed, and a new trial granted, with costs to abide the event. All concur.