### WHITE v. KING.

(Supreme Court, Appellate Term. March 8, 1912.)

PARENT AND CHILD (§ 12*)—PURCHASE BY CHILD—RATIFICATION OF AUTHORITY.

In an action for the price of clothing furnished defendant's son, evidence that, after several statements rendered, defendant promised to pay the bill, was proper to show ratification of the son's authority to buy, regardless of the effect of the evidence as an independent promise to pay.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 141–144; Dec. Dig. § 12.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Henry White against Samuel J. King. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Reynolds & Thomas, for appellant.

Herman L. Roth, for respondent.

BIJUR, J.  The plaintiff sued to recover the agreed price of clothing furnished to defendant's son.  He testified that he had sent a number of bills and letters to the defendant without response, and finally had called him up on the telephone, whereupon the defendant, whose voice he recognized (by means of a subsequent interview), had then promised to pay the bill shortly.  One of the plaintiff's witnesses also testified to a similar statement of defendant at another time.  The learned judge writes:

"The claim of the plaintiff that after the sale of the clothing the defendant expressly promised to pay him is entitled to but passing comment.  It must be apparent that such a promise, if made, is void for want of consideration."

Passing the question whether, in such a case, there would not be sufficient consideration, the effect of the subsequent promise would be a ratification of the son's authority.  Smith v. Church, 5 Hun, 109; Kirkpatrick v. Livingston, 7 Misc. Rep. 571, 28 N. Y. Supp. 93; Cousins v. Boyer, 114 App. Div. 787, 100 N. Y. Supp. 290.  This was the theory on which plaintiff urged that judgment should be rendered in his favor.  It therefore became a question of fact, to be determined on the evidence, whether the promise had been made, as testified to by plaintiff.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.  All concur.